# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK VICINAGE

| | |
|---|---|
| MAIA PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SASANK C. KUNADHARAJU, <br><br> Defendant. | CIVIL ACTION NO.: 2:22-cv-00610-JXN-ESK <br><br> **STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

**THIS ACTION** having been commenced by the undersigned counsel to Plaintiff, MAIA pharmaceuticals, Inc. ("MAIA" or "Plaintiff") against Defendant Sasank C. Kundadharaju ("Kundadharaju" or "Defendant"), and Plaintiff having motioned for the grant of, among other things, temporary, preliminary and permanent injunctive relief, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1 (ECF No. 4), based upon, among other things, Defendant's alleged misappropriation of Plaintiff's trade secrets and other confidential information, in alleged violation of, among other things, the Defend Trade Secrets Act, 18 U.S.C. § 18 U.S.C. § 1836, *et seq* ("DTCA") and New Jersey Trade Secrets Act, N.J.S.A. 56:15-1 et. ("NJTSA");

This Court having thereafter, based upon Plaintiff's Verified Complaint (ECF No. 1) and Exhibits thereto (ECF No. 4-1-3) and its accompanying Memorandum of Law (ECF No. 4-1-3), found sufficient cause to issue an Order to Show Cause with Temporary Restraints against Defendant (ECF No. 10), and having directed the parties to appear before the Court for a hearing concerning the potential grant of additional or different equitable relief; and

The Parties having subsequently entered into an agreement to consensually resolve their dispute and terminate this Action, and as part of that agreement between the parties, Plaintiff

having consented to the entry of a permanent injunction against future misuses or misappropriation of Plaintiff's trade secrets and other confidential information, as follows.

It is hereby **ORDERED** that Defendant is **PERMANENTLY RESTRAINED AND AN ENJOINED** as follows:

1. Defendant is permanently enjoined to protect and safeguard Plaintiff's Trade Secrets, Proprietary Information and Confidential Information, as those terms are defined in two agreements that Defendant entered into with the Plaintiff, the first such agreement being dated September 10, 2020 and titled "Confidentiality Agreement" and the second such agreement being dated September 30, 2021 and titled "Confidentiality, Non-Disclosure and Non-Competition Agreement" (hereinafter collectively the "Non-Disclosure and Restrictive Covenant Agreements"), including, without limitation, MAIA's pharmaceutical formulae, laboratory procedures, manufacturing processes, clinical/non-clinical studies, regulatory submissions, prospects, business or activities, business agreements and price information, competitors, suppliers, customers, clients, marketing materials, commercial value analysis, research data, metadata or data (and any backups, images, paper copies and/or reproductions);

2. Defendant is permanently enjoined from engaging in any activity that is in breach of the Non-Disclosure and Restrictive Covenant Agreements;

3. Defendant is permanently enjoined from accessing, exploiting, printing, copying, using, facilitating the use of, or assisting others to use in any way, all MAIA Trade Secrets, Proprietary Information and Confidential Information, including, without limitation MAIA's pharmaceutical formulae, laboratory procedures, manufacturing processes, clinical/non-clinical studies, regulatory submissions, prospects, business or activities, business agreements and price information, competitors, suppliers, customers, clients, marketing materials, commercial value

analysis, research data, metadata or data (and any backups, images, paper copies and/or reproductions);

4. Defendant is permanently enjoined from disclosing, disseminating, displaying, or transferring to any third-party, all MAIA Trade Secrets, Proprietary Information and Confidential Information, including, without limitation MAIA's pharmaceutical formulae, laboratory procedures, manufacturing processes, clinical/non-clinical studies, regulatory submissions, prospects, business or activities, business agreements and price information, competitors, suppliers, customers, clients, marketing materials, commercial value analysis, research data, metadata or data (and any backups, images, paper copies and/or reproductions);

5. Defendant is permanently enjoined from otherwise misappropriating and exploiting MAIA's Trade Secrets, Proprietary Information and Confidential Information, including, without limitation MAIA's pharmaceutical formulae, laboratory procedures, manufacturing processes, clinical/non-clinical studies, regulatory submissions, prospects, business or activities, business agreements and price information, competitors, suppliers, customers, clients, marketing materials, commercial value analysis, research data, metadata or data (and any backups, images, paper copies and/or reproductions); and

6. Defendant is permanently affirmatively enjoined to conform to all of the obligations specified in each of the Non-Disclosure and Restrictive Covenant Agreements, including by providing any current or future employer with a true and correct copy of the Confidentiality, Non-Disclosure and Non-Competition Agreement, so as to make them aware of Defendant's obligations thereunder.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment (including its equitable provisions). The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 13th day of June 2022.

_____
Hon. Julien Xavier Neals
United States District Judge